UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANTONIO PEREZ,

         Plaintiff,      Civ. No.:  20-CV-5636

   -*against*-         **COMPLAINT**

666 LLC, GENESIS REALTY GROUP LLC,
JAC ZADRIMA, WILLIAM FERNANDEZ and
WILFREDO CUASCUT,       **JURY TRIAL DEMANDED**
         Defendants.

-----------------------------------------------------------------------X

   Plaintiff, **ANTONIO PEREZ,** by and through his attorneys, **GUERRERO &**

**ROSENGARTEN**, as and for his Complaint, upon information and belief, alleges the following:

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

("FLSA").  This Court has supplemental jurisdiction over the New York State law claims

pursuant to 28 U.S.C. § 1367, and because they are so related to the claim in this action

within the Court's jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution.

2.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because

Defendants conduct business in this District and because a substantial part of the

acts/omissions giving rise to the claims herein occurred in this District.

3.  Plaintiff's Consent to Sue form is attached hereto as Exhibit A.

## THE PARTIES

4.   At all relevant times, Plaintiff, **ANTONIO PEREZ**, was and still is a resident of the County of Bronx and the State of New York.

5.   At all relevant times, Defendant **666 LLC** was incorporated as a Limited Liability Company in the State of New York.

6.   At all relevant times, Defendant **666 LLC** transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

7.   At all relevant times, Defendant **GENESIS REALTY GROUP LLC ("GENESIS")** was incorporated as a Limited Liability Company in the State of New York.

8.   At all relevant times, Defendant **GENESIS** transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

9.   At all relevant times, Defendant **JAC ZADRIMA ("ZADRIMA")** was a principal of Defendant **666 LLC.**

10.  At all relevant times, Defendant **ZADRIMA** was a member of Defendant **666 LLC.**

11.  At all relevant times, Defendant **ZADRIMA** was an officer of Defendant **666 LLC.**

12. At all relevant times, Defendant **ZADRIMA** was a principal of Defendant **GENESIS.**

13. At all relevant times, Defendant **ZADRIMA** was a member of Defendant **GENESIS.**

14. At all relevant times, Defendant **ZADRIMA** was an officer of Defendant **GENESIS.**

15. At all relevant times, Defendant **WILLIAM FERNANDEZ ("FERNANDEZ")** was a principal of Defendant **666 LLC**.

16. At all relevant times, Defendant **FERNANDEZ** was a member of Defendant **666 LLC**.

17. At all relevant times, Defendant **FERNANDEZ** was an officer of Defendant **666 LLC**.

18. At all relevant times, Defendant **FERNANDEZ** was a principal of Defendant **GENESIS**.

19. At all relevant times, Defendant **FERNANDEZ** was a member of Defendant **GENESIS**.

20. At all relevant times, Defendant **FERNANDEZ** was an officer of Defendant **GENESIS**.

21. At all relevant times, Defendant **WILFREDO CUASCUT ("CUASCUT")** was a principal of Defendant **666 LLC**.

22. At all relevant times, Defendant **CUASCUT** was a member of Defendant **666 LLC**.

23. At all relevant times, Defendant **CUASCUT** was an officer of Defendant **666 LLC**.

24. At all relevant times, Defendant **CUASCUT** was a principal of Defendant **GENESIS**.

25. At all relevant times, Defendant **CUASCUT** was a member of Defendant **GENESIS**.

26. At all relevant times, Defendant **CUASCUT** was an officer of Defendant **GENESIS**.

## FACTUAL ALLEGATIONS

27. Upon information and belief, Defendant **666 LLC** owned (in part or in full) and/or operated and/or managed a certain building, and/or premises and/or land with an address commonly known and designated as 666 East 181st Street, in the County of Bronx and State of New York.

3

28.  At all relevant times, upon information and belief, Defendant **666 LLC** had annual gross revenues in excess of $500,000.

29.  At all relevant times, Defendant **GENESIS** owned (in part or in full) and/or operated and/or managed a certain building, and/or premises and/or land with an address commonly known and designated as 666 East 181st Street, in the County of Bronx and State of New York.

30.  At all relevant times, upon information and belief, Defendant **GENESIS** had annual gross revenues in excess of $500,000.

31.  At all relevant times, Defendant **666 LLC** was Plaintiff's employer within the meaning of the FLSA and New York State Labor Law ("NYLL").

32.  At all relevant times, Defendant **GENESIS** was Plaintiff's employer within the meaning of the FLSA and NYLL.

33.  At all relevant times, Defendant **ZADRIMA** was Plaintiff's employer within the meaning of the FLSA and NYLL.

34.  Upon information and belief, at all relevant times, Defendant **ZADRIMA** had control over compensation and benefits practices at **666 LLC**.

35.  Upon information and belief, at all relevant times, Defendant **ZADRIMA** had the power to determine employment practices at **666 LLC**, including setting wage rates.

36.  Upon information and belief, at all relevant times, Defendant **ZADRIMA** had the power to hire and fire employees at **666 LLC** and to otherwise control the terms and conditions of employment.

37.  Upon information and belief, at all relevant times, Defendant **ZADRIMA** was actively involved in managing the day-to-day operations of **666 LLC**.

38. Upon information and belief, at all relevant times, Defendant **ZADRIMA** had control over compensation and benefits practices at **GENESIS.**

39. Upon information and belief, at all relevant times, Defendant **ZADRIMA** had the power to determine employment practices at **GENESIS**, including setting wage rates.

40. Upon information and belief, at all relevant times, Defendant **ZADRIMA** had the power to hire and fire employees at **GENESIS** and to otherwise control the terms and conditions of employment.

41. Upon information and belief, at all relevant times, Defendant **ZADRIMA** was actively involved in managing the day-to-day operations of **GENESIS**.

42. At all relevant times, Defendant **FERNANDEZ** was Plaintiff's employer within the meaning of the FLSA and NYLL.

43. Upon information and belief, at all relevant times, Defendant **FERNANDEZ** had control over compensation and benefits practices at **666 LLC**.

44. Upon information and belief, at all relevant times, Defendant **FERNANDEZ** had the power to determine employment practices at **666 LLC**, including setting wage rates.

45. Upon information and belief, at all relevant times, Defendant **FERNANDEZ** had the power to hire and fire employees at **666 LLC** and to otherwise control the terms and conditions of employment.

46. Upon information and belief, at all relevant times, Defendant **FERNANDEZ** was actively involved in managing the day-to-day operations of **666 LLC**.

47. Upon information and belief, at all relevant times, Defendant **FERNANDEZ** had control over compensation and benefits practices at **GENESIS.**

48.   Upon information and belief, at all relevant times, Defendant **FERNANDEZ** had the power to determine employment practices at **GENESIS**, including setting wage rates.

49.   Upon information and belief, at all relevant times, Defendant **FERNANDEZ** had the power to hire and fire employees at **GENESIS** and to otherwise control the terms and conditions of employment.

50.   Upon information and belief, at all relevant times, Defendant **FERNANDEZ** was actively involved in managing the day-to-day operations of **GENESIS.**

51.   At all relevant times, Defendant **CUASCUT** was Plaintiff's employer within the meaning of the FLSA and NYLL.

52.   Upon information and belief, at all relevant times, Defendant **CUASCUT** had control over compensation and benefits practices at **666 LLC.**

53.   Upon information and belief, at all relevant times, Defendant **CUASCUT** had the power to determine employment practices at **666 LLC**, including setting wage rates.

54.   Upon information and belief, at all relevant times, Defendant **CUASCUT** had the power to hire and fire employees at **666 LLC** and to otherwise control the terms and conditions of employment.

55.   Upon information and belief, at all relevant times, Defendant **CUASCUT** was actively involved in managing the day-to-day operations of **666 LLC**.

56.   Upon information and belief, at all relevant times, Defendant **CUASCUT** had control over compensation and benefits practices at **GENESIS.**

57.   Upon information and belief, at all relevant times, Defendant **CUASCUT** had the power to determine employment practices at **GENESIS,** including setting wage rates.

58. Upon information and belief, at all relevant times, Defendant **CUASCUT** had the power to hire and fire employees at **GENESIS** and to otherwise control the terms and conditions of employment.

59. Upon information and belief, at all relevant times, Defendant **CUASCUT** was actively involved in managing the day-to-day operations of **GENESIS.**

60. Between 2010 and April 2020, Plaintiff, **ANTONIO PEREZ,** worked for Defendants as Site Manager for 666 East 181st Street, in the County of Bronx, State of New York (the "Building"). Plaintiff's duties included serving as superintendent, janitor, custodian, handyman, plumber, painter, doorkeeper and gatekeeper for the Building and its residents.

61. The Building has 20 residential apartments. Plaintiff lived alone in a small basement unit.

62. Plaintiff's unit was unsuitable for habitation or rental.

63. Plaintiff was on duty 24 hours per day and 7 days per week. Plaintiff always was on call. For example, Plaintiff often received telephone calls in the middle of the night from residents regarding stopped toilets. Plaintiff would have to get up and out of bed in the middle of the night to repair the toilets. Plaintiff was responsible for the Building's maintenance, disposal of garbage and recycling. Plaintiff was needed to allow access to the Building to outside vendors making deliveries for the Building and its residents.

64. Plaintiff was a hard-working, reliable employee who dependably ensured that the residential building in which he worked ran efficiently.

65. The Defendants placed a boiler in Plaintiff's small basement unit. Plaintiff objected to Defendants, stating that Plaintiff already had very little space to live, and also that the boiler was a safety hazard. The Defendants ignored Plaintiff's complaints about the boiler.

66.  Plaintiff routinely worked Monday through Saturday between the hours of 8 a.m. and 11 a.m. and between the hours of 6 p.m. and 9 p.m. and an additional two hours at different times during the day. An average Monday through Saturday week involved 48 hours of work per week.

67.  Plaintiff also was on call 24 hours per day on all 7 days of every week. Accordingly, during every week, including his night and weekend work, Plaintiff worked more than 40 hours per week. On average, Plaintiff worked 2 hours per week after 9 p.m. and on Sundays, in addition to his regular 48 hours of work per week on Monday through Saturday. Accordingly, Plaintiff's typical work week was 50 hours per week.

68.  The Defendants paid no wages to Plaintiff for Plaintiff's work between 2010 and April 2020.  Plaintiff was not paid for any day during any week.

69.  Beginning in or about 2015, Plaintiff complained periodically to the Defendants that Plaintiff was receiving no wages. Defendants ignored Plaintiff's complaints.

70.  In or about March 2020, Plaintiff's mother became ill.  Plaintiff needed money to send to his mother for her medical care and treatment.  Plaintiff again approached the Defendants and asked for wages.

71.  Defendants **FERNANDEZ** and **CUASCUT** offered Plaintiff $5,000 in full and complete satisfaction for all of Plaintiff's work between 2010 and April 2020.

72.  Plaintiff rejected the Defendants' offer as totally inadequate for many years of work.

73.  Defendants **FERNANDEZ** and **CUASCUT** told Plaintiff that if Plaintiff ever sued Defendants in court, Defendants would hire someone to kill Plaintiff.

8

74.   Defendant **ZADRIMA** was aware that Plaintiff was not paid any wages and that Plaintiff's life had been threatened by Defendants **FERNANDEZ** and **CUASCUT**. Defendant **ZADRIMA** did nothing about it.

75.   In or about April 2020, Defendants took Plaintiff's keys to the Building and his toolshed. Plaintiff was no longer able to perform his duties as Site Manager for the Building. Plaintiff effectively was fired from his position.

76.   The Defendants unlawfully retaliated against Plaintiff for asserting his legally protected workplace rights, in violation of state and federal law.

77.   Plaintiff has suffered injury and has lost money as a result of the Defendants' unlawful and unfair business practices and acts.

78.   The Defendants negligently, carelessly and recklessly breached their duties of care to Plaintiff.

79.   The Defendants' conduct was extreme and outrageous.

80.   The Defendants unreasonably endangered Plaintiff's physical safety.

81.   Plaintiff is in fear of his safety. Plaintiff suffers from severe emotional distress due to Defendants' extreme and outrageous conduct.

82.   Defendants acted or failed to act, with malice or reckless disregard to the protected rights of Plaintiff.

83.   Defendants never provided Plaintiff with a Notice of Pay Rate or a wage statement.

## COUNT I

### MINIMUM WAGE VIOLATIONS UNDER NEW YORK STATE LABOR LAW, §§ 190, *et seq.*; §§ 650, *et seq.* (Against All Defendants)

84.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

85.     Pursuant to New York Labor Law §§ 190, *et seq.*, §§ 650, *et seq.*, and applicable regulations, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff the applicable minimum wage under New York law for all of the work that he performed for Defendants.

86.     As a result of the wrongful conduct alleged herein, Plaintiff is entitled to an award of damages in an amount to be determined at trial that includes his unpaid compensation, 100% liquidated damages, attorneys' fees and costs, and such other relief as this Court deems just and proper.

## COUNT II

### MINIMUM WAGE VIOLATIONS UNDER THE FEDERAL FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.* (Against All Defendants)

87.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

88.     Pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and applicable regulations, Defendants knowingly, willfully, regularly and repeatedly failed

to pay Plaintiff the applicable minimum wage under Federal law for all of the work that he performed for Defendants.

89. As a result of the wrongful conduct alleged herein, Plaintiff is entitled to an award of damages in an amount to be determined at trial that includes his unpaid compensation, 100% liquidated damages, attorneys' fees and costs, and such other relief as this Court deems just and proper.

## COUNT III

### OVERTIME WAGE VIOLATIONS UNDER THE FEDERAL FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.*
### (Against All Defendants)

90. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

91. Pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and applicable regulations, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff the applicable overtime wages under Federal law for all the work that he performed for Defendants.

## COUNT IV

### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

92. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

93. The Defendants negligently, carelessly and recklessly breached their duties of care to Plaintiff.

11

94.   Plaintiff suffered severe emotional distress as a result of the Defendants' breach of their duties of care to Plaintiff, by retaliating against Plaintiff, and by threatening Plaintiff's life.

95.   Plaintiff has suffered severe and extreme mental shock, anguish and psychic injuries, and a shock to his nervous system.  Plaintiff was caused to suffer and will continue to suffer mental anguish and a shock to his nervous system, with accompanying pain, all as a direct result of Defendants' conduct.

96.   Defendants' conduct was extreme and outrageous.

97.   Plaintiff seeks compensatory and punitive damages for the Defendants' negligent infliction of emotional distress.

## COUNT V

### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

98.   Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

99.   The Defendants negligently, carelessly, recklessly, and intentionally breached their duties of care to Plaintiff.

100.   The Defendants engaged in willful or wantonly reckless conduct.

101.   The Defendants' conduct was in conscious disregard of Plaintiff's rights or was so reckless as to amount to the conscious disregard of Plaintiff's rights.

102.   Plaintiff suffered severe emotional distress as a result of the Defendants' breach of their duties of care to Plaintiff, by retaliating against Plaintiff, and by threatening Plaintiff's life.

103.   Plaintiff has suffered severe and extreme mental shock, anguish and psychic injuries, and a shock to his nervous system.  Plaintiff was caused to suffer and will continue to suffer

12

mental anguish and a shock to his nervous system, with accompanying pain, all as a direct result of Defendants' conduct.

104.     The Defendants' conduct was intentionally extreme, outrageous, atrocious, intolerable and beyond the bounds of decency.

105.     Plaintiff seeks compensatory and punitive damages for the Defendants' intentional infliction of emotional distress.

## COUNT VI

### VIOLATION OF THE NEW YORK LABOR LAW ("NYLL"), §§ 190, *et seq.*
### (Wage Notice / Wage Statement Violations)
### (Against All Defendants)

106.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

107.     Defendants failed to provide Plaintiff with a notice of pay rate pursuant to NYLL § 195.

108.     Defendants failed to provide Plaintiff with a wage statement pursuant to NYLL § 195.

109.     As a result of Defendants' wrongful conduct alleged herein, Plaintiff is entitled to an award of damages in an amount to be determined at trial.

## COUNT VII

### RETALIATION PURSUANT TO NYLL, § 215
### (Against All Defendants)

110.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

111.    When Plaintiff complained to Defendants about not receiving any wages or compensation of any kind for his work, Defendants terminated his employment.

112.    Defendants further threatened Plaintiff with bodily harm and death.

113.    Defendants' conduct constitutes retaliation in violation of NYLL § 215.

114.    As a result of Defendants' wrongful conduct alleged herein, Plaintiff is entitled to an award of damages in an amount to be determined at trial that includes his unpaid compensation, liquidated damages, attorneys' fees and costs, and such other relief as this Court deems just and proper.

## COUNT VIII

### RETALIATION PURSUANT TO FLSA, 29 U.S.C. § 215
### (Against All Defendants)

115.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

116.    When Plaintiff complained to Defendants about not receiving any wages or compensation of any kind for his work, Defendants terminated his employment.

117.    Defendants further threatened Plaintiff with bodily harm and death.

118.    Defendants' conduct constitutes retaliation in violation of 29 U.S.C. § 215.

119.    As a result of Defendants' wrongful conduct alleged herein, Plaintiff is entitled to an award of damages in an amount to be determined at trial that includes his unpaid compensation, liquidated damages, attorneys' fees and costs, and such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff, **ANTONIO PEREZ**, demands:   judgment against the Defendants on all Counts; an award of damages, including liquidated damages, to be paid by Defendants; all penalties available under applicable laws;   an award of litigation costs and expenses, including, but not limited to, reasonable attorneys' fees and costs;   pre-judgment and post-judgment interest as provided by law;   and an award of any additional and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Dated:  New York, New York
        July 21, 2020

                                    Yours etc.,


                                    _/s/  Howard Rosengarten_
                                    Howard Rosengarten, Esq. (HR5152)
                                    **GUERRERO & ROSENGARTEN**
                                    *Attorneys for Plaintiff*
                                    **ANTONIO PEREZ**
                                    363 Seventh Avenue, 7th Floor
                                    New York, New York 10001
                                    Telephone: (212) 533-2606
                                    hrose853@gmail.com


                                    Charles Caranicas, Esq. (CC9244)
                                    **THE KAPLAN LAW OFFICE**
                                    *Attorneys for Plaintiff*
                                    **ANTONIO PEREZ**
                                    30 Wall Street, 8th Floor
                                    New York, New York 10005
                                    Telephone: (347) 432-1463
                                    caranicas@lawkaplan.com