## <u>SETTLEMENT AND RELEASE AGREEMENT</u>

This Settlement and Release Agreement (the "Agreement") is entered into by and among Antonio Perez (the "Plaintiff") on the one hand, and 666 LLC, Genesis Realty Group LLC ("Genesis Realty"), Jac Zadrima, William Fernandez, and Wilfredo Cuascut (collectively the "Defendants"), on the other hand.

**WHEREAS**, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York (the "Court"), bearing docket no. 20-cv-05636 (JGK)(GWG) (the "Action") by filing a Complaint on July 21, 2020 (the "Complaint") against Defendants alleging violations of the Fair Labor Standards Act (the "FLSA"), New York Labor Law (the "NYLL"), negligent infliction of emotional distress, and intentional infliction of emotional distress;

**WHEREAS**, on October 13, 2020, Defendants timely filed a letter to Judge Koeltl requesting a pre-motion conference in anticipation of filing a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff's claims of negligent infliction of emotional distress and intentional infliction of emotional distress;

**WHEREAS**, on October 19, 2020, Judge Koeltl Ordered that Plaintiff's claims of negligent infliction of emotional distress and intentional infliction of emotional distress were dismissed without prejudice;

**WHEREAS**, Defendants timely filed an Answer to the Complaint on November 6, 2020;

**WHEREAS**, on April 29, 2021, Plaintiff and Defendants (collectively, the "Parties") participated in a Court-referred mediation with mediator Christie Del Rey-Cone, Esq. at which an agreement in principle was reached to settle the Action;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation by entering into this Agreement concerning Plaintiff's FLSA and NYLL claims and entering into a separate Confidential Settlement and General Release Agreement (the "General

Release") concerning any other non-wage and hour claims that Plaintiff has, had, or may have against Defendants, including but not limited to Plaintiff's negligent infliction of emotional distress claim and intentional infliction of emotional distress claim;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff collectively by Defendants of the gross sum of Eighty Two Thousand Five Hundred Dollars and Zero Cents ($82,500.00) (the "Settlement Amount"), which Defendants jointly and severally agree to pay, Antonio Perez hereby releases and forever discharges 666 LLC, Genesis Realty Group LLC, Jac Zadrima, William Fernandez, and Wilfredo Cuascut, as well as each of 666 LLC's current and former owners, managers, supervisors, board members, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Genesis Realty's current and former owners, managers, supervisors, board members, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Jac Zadrima's heirs, executors, administrators, agents, successors, and assigns, each of William Fernandez's heirs, executors, administrators, agents, successors, and assigns, each of Wilfredo Cuascut's heirs, executors, administrators, agents, successors, and assigns, anyone employed by any of the Defendants, each of 666 LLC's predecessors, successors, and subsidiaries, each of Genesis Realty's predecessors, successors, and subsidiaries, and anyone deemed by Plaintiff to be an "employer" during his alleged employment with any of the Defendants (all said individuals and entities referenced above are, hereinafter collectively referred to jointly and severally as "Releasees"), from

any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff and each of Plaintiff's heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, and/or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, retaliation, and statutory penalties (including, but not limited to, all damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all FLSA and NYLL claims alleged by Plaintiff in this Action.

2.     The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Joint Motion for Approval of the Agreement within ten (10) days after the following conditions are met: (a) Defendants' counsel receives a duly executed Agreement signed and notarized by Plaintiff; (b) Defendants' counsel receives a duly executed General Release signed and notarized by Plaintiff; (c) Defendants' counsel receives a completed Form W-9 for Plaintiff's counsel; and (d) Defendants' counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiff's counsel.

3.     Plaintiff acknowledges that he has applied for a Taxpayer Identification Number ("TIN") and that after receiving a valid TIN from the Internal Revenue Service he shall promptly provide a completed Form W-4 and completed Form W-9 to Defendants' counsel. The Parties agree

that receipt of such tax forms is a prerequisite for processing the settlement checks payable to Plaintiff as defined in Paragraph 4 below.

4. The Settlement Amount shall be paid as follows:

(a) <u>First Installment</u> - Provided that Defendants' counsel has received a completed Form W-4 and completed Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within sixty (60) days after the date at which the Court So Orders a Stipulation of Dismissal with Prejudice (the "Dismissal Date"), Defendants shall collectively pay the First Installment of the Settlement Amount payable to Plaintiff by issuing:

   i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

   ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

   iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(b) <u>Second Installment</u> - Provided that Defendants' counsel has received a completed Form W-4 and completed Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the First Installment of the Settlement Amount, Defendants shall collectively pay the Second Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(c) <u>Third Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Second Installment of the Settlement Amount, Defendants shall collectively pay the Third Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(d) <u>Fourth Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Third Installment of the Settlement Amount, Defendants shall collectively pay the Fourth Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(e) <u>Fifth Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Fourth Installment of the Settlement Amount, Defendants shall collectively pay the Fifth Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(f) <u>Sixth Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Fifth Installment of the Settlement Amount, Defendants shall collectively pay the Sixth Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii.  One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(g)  <u>Seventh Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Sixth Installment of the Settlement Amount, Defendants shall collectively pay the Seventh Installment of the Settlement Amount by issuing:

i.  One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii.  One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii.  One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(h)  <u>Eighth Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Seventh Installment of the Settlement Amount, Defendants shall collectively pay the Eighth Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(i) <u>Ninth Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Eighth Installment of the Settlement Amount, Defendants shall collectively pay the Ninth Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(j)  <u>Tenth Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Ninth Installment of the Settlement Amount, Defendants shall collectively pay the Tenth Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

(k)  <u>Eleventh Installment</u> - Provided that Defendants' counsel has received a Form W-4 and Form W-9 for Plaintiff pursuant to Paragraph 3 of the Agreement, within thirty (30) days after payment of the Tenth Installment of the Settlement Amount, Defendants shall collectively pay the Eleventh Installment of the Settlement Amount by issuing:

i. One (1) check payable to "Antonio Perez" for the gross amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

ii. One (1) check payable to "Antonio Perez" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's alleged liquidated damages and penalties; and

iii. One (1) check payable to "The Kaplan Law Office" for the total amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing payment for Plaintiff's attorneys' fees and costs.

5. Each Installment of the settlement checks payable to Plaintiff's counsel shall be due as scheduled in Paragraph 4 of this Agreement regardless of when Defendants' counsel receives a completed Form W-4 and Form W-9 for Plaintiff. In the event that Defendants' counsel does not receive a completed Form W-4 or Form W-9 for Plaintiff within forty six (46) days of the Dismissal Date, all settlement checks payable to Plaintiff from any Installment of the settlement payment in which the settlement check payable to Plaintiff's counsel has already been paid, shall be due within fourteen (14) days of Defendants' counsel's receipt of a completed Form W-4 and Form W-9 for Plaintiff, and all subsequent Installments of the settlement checks payable to Plaintiff (if any) shall be payable in accordance with the deadlines set forth in Paragraph 4 of this Agreement as if Defendants' counsel had received a completed Form W-4 and Form W-9 from Plaintiff before any payments were due.

6. Defendants may issue an IRS tax form W-2 to Plaintiff for the portion of the Settlement Amount that represents alleged unpaid wages and Defendants may issue an IRS tax Form 1099 to Plaintiff and The Kaplan Law Office for their respective portions of the remainder of the

Settlement Amount. Plaintiff agrees to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority as a result of any portion of the payment of the Settlement Amount that is issued subject to an IRS tax Form 1099.

7.      Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the FLSA, NYLL, and/or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's employment with any of the Releasees, filed with any federal, state and local agencies/administrative body and/or any judicial forum against any of the Releasees. Plaintiff further agrees that he will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as he acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiff from filing a charge of discrimination with, or cooperating with an investigation by the U.S. Equal Employment Opportunity Commission.

8.      Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights,

claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

9.    Plaintiff acknowledges that aside from the payments set forth in Paragraph 4 of this Agreement, he is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

10.    Plaintiff agrees that he shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any employee Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any employee Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices.  Plaintiff further agrees to take no action which is intended, or would reasonably be expected, to harm any Releasee, or their reputations or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Releasee.  In addition, Jac Zadrima, William Fernandez and Wilfredo Cuascut each agree that they shall not make any: (a) statement, written oral or electronic, which in any way disparages Plaintiff; or (b) negative statement, written, oral or electronic about Plaintiff.  Jac Zadrima, William Fernandez and Wilfredo Cuascut also each agree to take no action which is intended, or would reasonably be expected, to harm Plaintiff, or Plaintiff's reputation(s) or which would reasonably be expected to lead to unwanted or unfavorable publicity to Plaintiff.  Notwithstanding the provisions of this Paragraph, Plaintiff and Jac Zadrima, William Fernandez and Wilfredo Cuascut shall each be entitled to provide truthful statements about their experience litigating this Action, about Plaintiff's FLSA and NYLL claims in this Action, and about the resolution of this Action.

11.    The Parties agree that, in an action arising from any alleged breach by Plaintiff or by Defendants of the Agreement, in addition to any remedies available to the non-breaching party in

law or equity for a breach thereof, the prevailing party, as determined by a Court of competent jurisdiction, shall be entitled to receive from the breaching party, reasonable attorney's fees and costs. The Parties agree that the United States District Court for the Southern District of New York shall retain jurisdiction over the enforcement of this Agreement.

12. Plaintiff affirms that he is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare or Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

13. Plaintiff further represents that he is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of his employment with Releasees or anytime thereafter through the date of this Agreement. Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiff's alleged employment with Releasees. Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted. In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare or Medicaid beneficiary, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

14. The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

15.    This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

16.    Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims.  Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

17.    The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

18.    With the exception of the General Release, this Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

19.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

20.    This Agreement may only be modified, altered or changed in writing, signed by the Parties.

21.    This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

22.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any scanned copies or facsimiled

copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Matthew Cohen, Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mcohen@kdvlaw.com; and counsel for Plaintiff, Charles Caranicas, Esq., The Kaplan Law Office, 30 Wall Street, 8th Floor, New York, New York 10005, (347) 432-1463, caranicas@lawkaplan.com.

23.     Concurrently with the execution of this Agreement, 666 LLC and Genesis Realty shall execute an Affidavit for Confession of Judgment in the form attached hereto as **Exhibit B**. 666 LLC and Genesis Realty shall provide Plaintiff's counsel with an executed Affidavit for Confession of Judgment bearing original signatures. The Affidavit for Confession of Judgment will be held in escrow by Plaintiff's counsel. In the event Defendants are in default of any of the payments required under Paragraph 4 of this Agreement, Plaintiff's counsel shall provide fourteen (14) calendar days' written notice to counsel for Defendants of Plaintiff's intent to file the Affidavit for Confession of Judgment with the clerk of any Court of competent jurisdiction in the State of New York. Such written notice to cure shall be delivered to counsel for Defendants via first class mail and e-mail in accordance with Paragraph 22 of this Agreement. Defendants will have fourteen (14) calendar days to remedy their default before Plaintiff files the Affidavit for Confession of Judgment. If, and only if, Defendants each fail to remedy their default during the fourteen (14) calendar day cure period, Plaintiff shall be entitled to the remaining balance of the Settlement Amount currently unpaid as of the date the Affidavit for Confession of Judgment is filed collectively from 666 LLC and Genesis Realty and may be permitted to file the Affidavit for Confession of Judgment with the clerk of court of any Court of competent jurisdiction in the State of New York. Should the Affidavit for Confession of Judgment be rejected by the clerk of the Court for any reason, or should the Court decline to enter judgment in Plaintiff's favor

on the Affidavit for Confession of Judgment, then 666 LLC and Genesis Realty will fully cooperate in providing Plaintiff, or the Court, with such different or additional documents as may prove necessary in order to have the judgment entered, consistent with the purposes of this Agreement. Plaintiff may then record and enforce the judgment against 666 LLC and Genesis Realty in the manner and to the extent allowed by law. Upon complete satisfaction of all payments set forth in Paragraph 4 of this Agreement, the Affidavit for Confession of Judgment will be deemed null and void, and Plaintiff's counsel will return the Affidavit for Confession of Judgment to counsel for Defendants and will retain no copies of same.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

_____
Antonio Perez

STATE OF NEW YORK     )
                             )s.s.
COUNTY OF _____)

On _____, 2021, before me personally came Antonio Perez, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____
666 LLC
By:
Title:

STATE OF NEW YORK　　　　　　)
　　　　　　　　　　　　　　　)s.s.
COUNTY OF _____)


On _____, 2021, before me personally came _____ who acknowledged himself/herself to be a _____ of 666 LLC, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for 666 LLC.


_____
NOTARY PUBLIC


_____
Genesis Realty Group LLC
By:
Title:

STATE OF NEW YORK　　　　　　)
　　　　　　　　　　　　　　　)s.s.
COUNTY OF _____)


On _____, 2021, before me personally came _____ who acknowledged himself/herself to be a _____ of Genesis Realty Group LLC, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Genesis Realty Group LLC.


_____
NOTARY PUBLIC

_____
Jac Zadrima

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____  )


On _____, 2021, before me personally came Jac Zadrima, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC


_____
William Fernandez

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____  )


On _____, 2021, before me personally came William Fernandez, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC


_____
Wilfredo Cuascut

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____  )


On _____, 2021, before me personally came Wilfredo Cuascut, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTONIO PEREZ,                                    Case No.: 20-cv-05636 (JGK)(GWG)

        Plaintiff,

                                   **STIPULATION OF DISMISSAL**

        -against-

666 LLC, GENESIS REALTY GROUP LLC, JAC
ZADRIMA, WILLIAM FERNANDEZ and
WILFREDO CUASCUT,

        Defendants.
------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

      Plaintiff is precluded from bringing any further claims against the Defendants under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including minimum wages and overtime pay for the period set forth in Plaintiff's Complaint.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: _____, 2021        Dated: _____, 2021

THE KAPLAN LAW OFFICE                      KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Plaintiff*                  *Attorneys for Defendants*

By: _____      By:_____
    Charles Caranicas, Esq.            Matthew Cohen, Esq.
30 Wall Street, 8th Floor                      Solomon Abramov, Esq.
New York, New York 10005                   135 Crossways Park Drive, Suite 201
(347) 432-1463                             Woodbury, New York 11797
caranicas@lawkaplan.com                    (516) 681-1100
                                           mcohen@kdvlaw.com
                                           sabramov@kdvlaw.com

**SO ORDERED:**

_____
Hon. John G. Koeltl, U.S.D.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANTONIO PEREZ,                                    Case No.: 20-cv-05636 (JGK)(GWG)

                        Plaintiff,

                -against-

666 LLC, GENESIS REALTY GROUP LLC, JAC
ZADRIMA, WILLIAM FERNANDEZ and
WILFREDO CUASCUT,

                        Defendants.
-------------------------------------------------------------X

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK                    )
                                     )        ss.:
COUNTY OF_____             )

        JAC ZADRIMA, being duly sworn, deposes and says:

        1.      I am a member of 666 LLC and the founder and Chief Executive Officer of Genesis Realty Group LLC ("Genesis Realty") and I am duly authorized to make this Affidavit for Confession of Judgment on behalf of 666 LLC and Genesis Realty.

        2.      666 LLC maintains its principal place of business at _____ and Genesis Realty maintains its principal place of business at _____.

        3.      Defendants 666 LLC, Genesis Realty, Jac Zadrima, William Fernandez, and Wilfredo Cuascut (together the "Defendants") collectively agreed to pay the total sum of Eighty Two Thousand Five Hundred Dollars and Zero Cents ($82,500.00) (the "Settlement Amount") in exchange for the dismissal with prejudice of the action in the United States District Court for the Southern District of New York titled *Antonio Perez v. 666 LLC, Genesis Realty Corp LLC, Jac Zadrima, William Fernandez, and Wilfredo Cuascut*, Case No. 20-cv-05636 (JGK)(GWG). In furtherance of same, Antonio Perez (the "Plaintiff") on the one hand, and Defendants on the other hand, executed the Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

4.     This Affidavit for Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Agreement, which provides that Defendants are to collectively pay the Settlement Amount to Plaintiff which is payable over a period of eleven (11) months as set forth in the Agreement.

5.     Under the terms of the Agreement, if the Defendants are collectively in default in the payment of any of the Installments or any portion of an individual Installment of the settlement payment identified in the Agreement, Plaintiff shall provide fourteen (14) calendar days' written notice to Defendants, in accordance with the notice provision set forth in Paragraph 22 of the Agreement, of Plaintiff's intent to file this Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have fourteen (14) calendar days to remedy their default.

6.     If Defendants collectively fail to remedy its default within fourteen (14) calendar days of the sending of such notice to cure, we hereby authorize the entry of this Affidavit for Confession of Judgment to be filed in any Court of competent jurisdiction in the State of New York, and further authorize judgment against 666 LLC and Genesis Realty, jointly and severally, in the amount of Eighty Two Thousand Five Hundred Dollars and Zero Cents ($82,500.00), less any payments made by Defendants under the Agreement.

7.     This Affidavit for Confession of Judgment is made upon good and valuable consideration, including, without limitation, the terms and provisions of the Agreement, the sufficiency of which I acknowledge on behalf of 666 LLC and on the behalf of Genesis Realty.

8.     This Affidavit for Confession of Judgment shall be null and void upon full payment of the Settlement Amount collectively by Defendants.

_____

666 LLC
By: _____
Title: _____

STATE OF NEW YORK       )
                          )s.s.
COUNTY OF _____)


       On _____, 2021, before me personally came _____ who acknowledged himself to be a _____ of 666 LLC, and that he/she, as such, being authorized so to do, executed the foregoing Affidavit for Confession of Judgment for the purposes therein contained, by signing his/her name for 666 LLC.


_____
NOTARY PUBLIC


_____

GENESIS REALTY GROUP LLC
By: _____
Title: _____

STATE OF NEW YORK       )
                          )s.s.
COUNTY OF _____)


       On _____, 2021, before me personally came _____ who acknowledged himself to be a _____ of Genesis Realty Group LLC, and that he/she, as such, being authorized so to do, executed the foregoing Affidavit for Confession of Judgment for the purposes therein contained, by signing his/her name for Genesis Realty Group LLC.


_____
NOTARY PUBLIC